UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEQUEST FUNDS, LLC, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-0866-B |
| MAGNOLIA FINANCIAL GROUP, LLC; CHRISTOPHER FISHER; RAINSTAR FINANCIAL GROUP, LLC; KURT NEDERVELD; FREDERICK RUFFIN; and BRIAN DEMARCO | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Compel Arbitration (Doc. 14). Also before the Court is Plaintiff Bequest Funds, LLC ("Bequest")'s Motion for Hearing on Defendants' Motion to Compel (Doc. 22). For the reasons discussed below, Defendants' Motion to Compel Arbitration is **GRANTED in part** and **DENIED in part**. Consequently, Bequest's Motion for Hearing is **DENIED** as moot.

I.

BACKGROUND

This case involves a loan agreement between Bequest and Magnolia Financial Group, LLC ("Magnolia"). In early 2022, Bequest sought a loan to expand its business. *See* Doc. 7, Am. Compl., ¶ 15. To that end, Bequest retained Defendant Rainstar Financial Group, LLC ("Rainstar") to provide commercial loan brokerage services. *Id.* ¶¶ 15–16. On April 22, 2022,

Rainstar and Bequest entered into an Engagement Agreement memorializing the parties' relationship. *Id*. ¶ 16.

Thereafter, Rainstar informed Bequest that it worked with a Trust that could provide Bequest with the commercial lending services it sought. *Id*. ¶ 17. Rainstar eventually arranged a meeting between Bequest and Defendant Brian DeMarco, a purported agent of the Trust. *Id*. ¶ 21. After this meeting, DeMarco provided Bequest with an "Acknowledgment of Understanding that outlined the general terms of the transaction." *Id*. ¶ 27. The Acknowledgement of Understanding, however, listed Magnolia as the lender, not the Trust. *Id*. DeMarco explained that Magnolia was listed as the lender because "the Trust used different entities for different transactions." *Id*. Rainstar's agents, Defendants Frederick Ruffin and Kurt Nederveld, allegedly "assured Bequest of the legitimacy of the transaction" as they worked to broker a final deal between Bequest and Magnolia. *Id*. ¶ 31.

After back-and-forth communications, Magnolia, through its president, Defendant Christopher Fisher, and Bequest executed a Business Expansion Line of Credit Agreement (the "LOC") on August 4, 2022. *Id*. ¶ 37. The LOC provided that Bequest would pay Magnolia $8,400,000 up front in exchange for a $40,000,000 line of credit, which was to be provided to Bequest in four separate tranches. Doc. 14-1, LOC, § 1.1; *see* Doc. 7, Am. Compl., ¶¶ 28, 39. The LOC contains a "Binding Arbitration" provision, which provides in relevant part: "Any dispute, claim or controversy arising out of or relating to this Agreement, or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by binding arbitration." Doc. 14-1, LOC, § 13.8.

On August 5, 2022, Bequest wired Magnolia $8,400,000. Doc. 7, Am. Compl., ¶ 39. Under the terms of the LOC, Magnolia was then required to fund the first tranche by October 31, 2022. *Id.* ¶ 40. However, Magnolia failed to fund the loan. *Id.* ¶ 47. As a result, this litigation ensued.

Bequest filed its lawsuit on April 24, 2023, against Fisher and Magnolia, seeking the return of its $8,400,000. Doc. 1, Compl., ¶¶ 55–62. Bequest later filed an Amended Complaint joining Defendants Rainstar, DeMarco, Ruffin, and Nederveld. *See* Doc. 7, Am. Compl. Defendants filed the present Motion to Compel Arbitration on June 7, 2023. Doc. 14, Mot. Bequest filed its Response and Objections to Defendants' Motion on June 28, 2023. Doc. 17, Resp.; Doc. 19, Obj. Then, on September 27, 2023, Bequest filed its Motion for Hearing on Defendants' Motion. Doc. 22, Mot. The Court considers these motions below.

## II.

## LEGAL STANDARD

In enacting the Federal Arbitration Act ("FAA"), "Congress . . . expressed a strong policy favoring arbitration before litigation." *J.S. & H. Constr. Co. v. Richmond Cnty. Hosp. Auth.*, 473 F.2d 212, 214–15 (5th Cir. 1973). The FAA provides that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, arbitration is mandatory "on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

The Fifth Circuit follows a two-step process to decide whether to compel arbitration. *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). First, the Court must determine "whether the parties agreed to arbitrate the dispute." *Signal Ridge Owners Ass'n, Inc. v.*

*Landmark Am. Ins. Co.*, No. 3:22-CV-1385-D, 2023 WL 2090994, at *2 (N.D. Tex. Feb. 17, 2023) (Fitzwater, S.J.) (quotations and alterations omitted). Second, the Court decides "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id.* (quotations omitted).

When a court determines that certain claims are subject to arbitration, the FAA provides that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. While a stay is mandatory when a party requests it, the Fifth Circuit has explained that dismissal may nevertheless be proper in certain circumstances: "The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (emphasis in original). However, a court is not required to dismiss a case under such circumstances, and it is not an abuse of discretion to stay the case instead. *See Apache Bohai Corp. LDC v. Texaco China, B.V.*, 330 F.3d 307, 311 n.9 (5th Cir. 2003)

### III.

### ANALYSIS

Bequest is unopposed to arbitrating its claims against Magnolia, Fisher, and DeMarco ("Magnolia Defendants"). Doc. 17, Resp., ¶ 1.01. Bequest admits that it has agreed to arbitrate with the Magnolia Defendants and that the present dispute falls within the LOC's arbitration provision with respect to these Defendants. In fact, Bequest "welcomes the opportunity to arbitrate the instant dispute with [the Magnolia Defendants]." *Id.* Accordingly, Defendants' Motion is **GRANTED** as to Magnolia Defendants.

Therefore, the central issue remaining before the Court is whether Bequest can be compelled to arbitrate its claims against the remaining Defendants. Bequest argues that it has not agreed to arbitrate with Rainstar, Ruffin, or Nederveld ("Rainstar Defendants"), and therefore, the Court may not compel arbitration of Bequest's claims against these Defendants. The Court agrees. As discussed more fully below, the Court concludes that Defendants' Motion should be denied as to the Rainstar Defendants because Defendants have failed to demonstrate the existence of an arbitration agreement between these parties.

A.   *Whether the Rainstar Defendants and Bequest Agreed to Arbitrate*

Defendants must first establish that the Rainstar Defendants and Bequest agreed to arbitrate the present dispute. "This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of the arbitration agreement." *Signal Ridge Owners Ass'n, Inc.*, 2023 WL 2090994, at *2 (quotations omitted). "[The] analysis for both steps is governed by Texas law." *Gezu v. Charter Commc'ns*, 17 F.4th 547, 553 (5th Cir. 2021); *see Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.,* 921 F.3d 522, 530 (5th Cir. 2019). The movant bears the burden of proving the existence of an arbitration agreement by a preponderance of the evidence. *Carrillo v. ROICOM USA, LLC*, 486 F. Supp. 3d 1052, 1061 (W.D. Tex. 2020).

The Court first addresses Bequest's evidentiary objections before turning to the substance of Defendants' Motion.

    1.   <u>Bequest's Evidentiary Objections</u>

As a preliminary matter, Bequest objects to the admissibility of Exhibit A to Defendants' Motion to Compel Arbitration, which is the LOC between Magnolia and Bequest. Doc. 14-1,

LOC. Bequest argues Exhibit A is unauthenticated hearsay, and therefore, asks the Court to strike the LOC from the record. Doc. 19, Obj., ¶ 1.03. Bequest's objections are without merit.

First, the LOC need not be authenticated to be admissible at the motion to compel arbitration stage. A motion to compel arbitration is subject to the same evidentiary standards as a partial motion for summary judgment. *Trujillo v. Volt Mgmt. Corp.*, 846 F. App'x 233, 236 (5th Cir. 2021). The Fifth Circuit has held "that 'at the summary judgment stage evidence need not be authenticated' so long as it is capable of being presented in an admissible form." *Id.* (quoting *Maurer v. Independence Town*, 870 F.3d 380, 384 (5th Cir. 2017)) (alterations omitted). And "[t]here is nothing to compel a conclusion that [a] contract—one of the more common types of exhibits admitted in civil cases—is not capable of being admitted at an eventual trial." *Maurer*, 870 F.3d at 384. Thus, Bequest's authentication argument misses the point. Bequest needed to demonstrate that the LOC was incapable of being presented in an admissible form, which it has failed to do.

Second, the LOC is not hearsay. Hearsay is an out of court statement offered to prove the truth of the matter asserted therein. Fed. R. Evid. 801. It is well established that "[s]igned instruments such as wills, contracts, and promissory notes . . . are nonhearsay." *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) (quotations omitted). This is because such instruments constitute "verbal act[s]," which have legal significance "independent of the truth of any statement contained in it." *Id.* As such, "[t]he admission of a contract to prove the operative fact of that contract's existence . . . cannot be the subject of a valid hearsay objection." *Id.* Here, Exhibit A is offered to prove the operative fact of the LOC's existence. *See Parrott v. D.C.G., Inc.*, No. 3:19-CV-1718-N, 2020 WL 1876096, at *3 (N.D. Tex. Apr. 14, 2020) (Godbey, J.). Therefore, Exhibit A is not hearsay.

Accordingly, Bequest's evidentiary objections are overruled.

2.  The LOC

Having overruled Bequest's evidentiary objections, the Court next examines whether Defendants have met their burden of proving the existence of a valid agreement to arbitrate between the Rainstar Defendants and Bequest.

As discussed, the only arbitration provision Defendants seek to enforce is contained in the LOC, and the only parties to the LOC are the Magnolia Defendants and Bequest. *See* Doc. 14-1, LOC. The Rainstar Defendants, on the other hand, did not sign the LOC nor are they referenced anywhere in the LOC.[1] *See id*. Instead, the relationship between the Rainstar Defendants and Bequest is set forth in a separate agreement. Doc. 17, Resp., ¶ 2.03. Defendants' Motion, however, does not claim that the Rainstar-Bequest agreement contains an arbitration provision, nor have Defendants offered any evidence to that effect. *See* Doc. 14, Mot., 4 ("Here, *Bequest and Magnolia Financial Group, LLC agreed to be bound* by the Arbitration Provision by entering into the Agreement." (emphasis added)). Accordingly, to be entitled to arbitrate the present dispute, the Rainstar Defendants must show the LOC's arbitration provision is applicable to them as non-signatories.

A non-signatory to a contract can only enforce an arbitration provision contained therein in rare circumstances. *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 345 F.3d 347, 355 (5th Cir. 2003). Nevertheless, the question is ultimately one of the parties' intent "'as expressed in the terms of the agreement.'" *Halliburton Energy Servs.*, 921 F.3d at 531 (quoting *Bridas S.A.P.I.C.*, 345 F.3d at 358). Courts look to "traditional principles of state law" to determine whether a non-signatory to

---

[1] The LOC only references Rainstar Capital Group, not Defendant Rainstar Financial Group. Doc. 14-1, LOC, § 3.10(b).

a contract can enforce an arbitration provision contained therein. *Id.* (quotations omitted). Traditional principles of state law "allow a contract to be enforced by or against nonparties to the contract through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel." *Id.* (quotations omitted).

Here, Defendants have not argued that the Rainstar Defendants can enforce the LOC's arbitration provision as a non-signatory under any of the aforementioned theories. Defendants failed to make any such argument even after Bequest raised this point in its Response. *See* Doc. 17, Resp., ¶ 2.05 ("To date, the Rainstar Defendants have affirmatively failed to establish what theory, if any, allows them to compel any arbitration agreement with Plaintiff."). It was Defendants' burden to establish the existence of an arbitration agreement between the Rainstar Defendants and Bequest. *See Carrillo*, 486 F. Supp. 3d at 1061. The Court will not make arguments on behalf of the Rainstar Defendants. Accordingly, the Court concludes that there is no binding arbitration agreement between Bequest and the Rainstar Defendants, and as such, Defendants' Motion is **DENIED** as to these Defendants.

B.     *Whether the Claims Against the Magnolia Defendants Should be Dismissed with Prejudice*

Defendants argue that the Court should dismiss with prejudice the claims that are subject to arbitration (i.e., the claims against the Magnolia Defendants). *See* Doc. 14, Mot., 4–5. As explained, the Fifth Circuit has held that a district court does not abuse its discretion by dismissing an action if "*all* of the issues raised . . . must be submitted to arbitration." *Alford*, 975 F.2d at 1164 (emphasis in original).

Here, the Court has concluded that Bequest's claims against the Rainstar Defendants are not subject to arbitration. *See supra* Section III. Thus, unlike *Alford*, not "*all* of the issues raised in the district court must be submitted to arbitration." 975 F.2d at 1164 (emphasis in original).

Accordingly, the Court, in its discretion, concludes that claims against the Magnolia Defendants should not be dismissed. *See Apache Bohai Corp*, 330 F.3d at 311 n.9. Instead, the claims against the Magnolia Defendants are to be **STAYED** pending the parties' arbitration.

## IV.

## CONCLUSION

For these reasons, Defendants' Motion to Compel Arbitration (Doc. 14) is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** as to Defendants Magnolia, Fisher, and DeMarco. As such, the Court **ORDERS** Bequest submit its claims against these Defendants to arbitration in a manner provided for in the parties' LOC. The claims against Defendants Magnolia, Fisher, and DeMarco are **STAYED** pending the parties' arbitration. However, Defendants' Motion is **DENIED** as to Defendants Rainstar, Nederveld, and Ruffin. Given the Court's Order, Bequest's Motion for Hearing (Doc. 22) is **DENIED** as moot.

SO ORDERED.

SIGNED: October 17, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE