UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEQUEST FUNDS, LLC, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-0866-B |
| MAGNOLIA FINANCIAL GROUP, LLC; CHRISTOPHER FISHER; RAINSTAR FINANCIAL GROUP, LLC; KURT NEDERVELD; FREDERICK RUFFIN; and BRIAN DEMARCO<br>    Defendants. | § § § § § § § § § | |
| RAINSTAR CAPITAL GROUP, LLC; KURT NEDERVELD; FREDERICK RUFFIN, | § § § § | |
| Counter-Plaintiff/Third-Party Plaintiff, | § § | |
| v. | § § | |
| BEQUEST FUNDS, LLC; SHAWN MUNEIO; and MARTIN SAENZ | § § § § | |
| Counter-Defendant and Third-Party Defendants. | § § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendants/Counter Claimants Rainstar Financial Group LLC, Frederick Ruffin, and Kurt Nederveld (collectively "Rainstar Defendants")'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 31); Third-Party Defendants Martin Saenz and Shawn Muneio's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 67) and two Agreed Motions for Hearing (Docs. 107, 108). For the following reasons, the Court **DENIES** the Rainstar

Defendants' Motion to Dismiss and **GRANTS** Saenz and Muneio's Motion to Dismiss. The Court **DENIES AS MOOT** the Agreed Motions for Hearing (Docs. 107, 108).

# I.

# BACKGROUND

This case involves a loan agreement between Bequest and Defendant Magnolia Financial Group, LLC ("Magnolia"). Bequest sought a loan to expand its business. *See* Doc. 7, Am. Compl., ¶¶ 15, 27. To that end, Bequest retained Defendant Rainstar Financial Group, LLC ("Rainstar") to provide commercial loan brokerage services. *Id.* ¶¶ 15–16. Rainstar and Bequest entered into an Engagement Agreement memorializing the parties' relationship. *Id.* ¶ 16.

Thereafter, Rainstar informed Bequest that it worked with a Trust that could provide Bequest with commercial lending services. *Id.* ¶ 17. Rainstar eventually arranged a meeting between Bequest and Defendant Brian DeMarco, a purported agent of the Trust. *Id.* ¶ 21. Rainstar's agents, Defendants Ruffin and Nederveld, allegedly "assured Bequest of the legitimacy of the transaction" as they worked to broker a final deal between Bequest and Magnolia. *Id.* ¶ 31. After back-and-forth communications, Magnolia executed a Business Expansion Line of Credit Agreement ("the LOC"). *Id.* ¶¶ 32, 37. The LOC provided that Bequest would pay Magnolia $8,400,000 up front in exchange for Magnolia providing Bequest with a $40,000,000 line of credit. Doc. 14-1, LOC, § 1.1; *see* Doc. 7, Am. Compl., ¶¶ 28, 39.

Bequest wired Magnolia $8,400,000. Doc. 7, Am. Compl., ¶ 39. Under the terms of the LOC, Magnolia was then required to fund the first tranche. *Id.* ¶ 40. However, Magnolia failed to fund the loan. *Id.* ¶ 47. Litigation ensued. Bequest sued Fisher and Magnolia, seeking the return of its $8,400,000. Doc. 1, Compl., ¶¶ 55–64. Fisher is a Texas citizen. *Id.* ¶ 2. Bequest later filed an Amended Complaint joining the Rainstar Defendants: Rainstar, Ruffin, and Nederveld. Doc. 7,

Am. Compl. Bequest asserted breach of fiduciary duty, negligent misrepresentation, and negligence claims against the Rainstar Defendants. *Id.* ¶¶ 94–113.

The Rainstar Defendants filed a Motion to Compel Arbitration. Doc. 14, Mot. Compel Arb. The Court denied it. Doc. 23, Order. Five months after filing their Motion to Compel Arbitration, the Rainstar Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction. Doc. 31, Mot. Dismiss. They also filed an Answer and Third-Party Complaint in the alternative. Doc. 33, Answer. Rainstar's Third-Party Complaint asserted a fraud claim against Muneio and Saenz, the co-founders of Bequest. Doc. 33, Third-Party Compl., ¶¶ 8, 26–31. Rainstar alleges that Muneio and Saenz made "untrue statements . . . in connection with [Bequest's] overall solvency." *Id.* ¶ 27. Muneio and Saenz filed a Motion to Dismiss for Lack of Personal Jurisdiction. Doc. 67, Mot. Dismiss. Bequest, Muneio, and Saenz are citizens of Florida. *Id.* ¶¶ 2–4. Rainstar is a citizen of Michigan. *Id.* ¶ 1. The Engagement Agreement between Rainstar and Bequest is governed by Michigan law. *Id.* ¶ 12. Rainstar only alleges that one in-person meeting occurred with Muneio and Saenz and it was in Ohio. *Id.* ¶ 24. Rainstar does not allege any facts in its Third-Party Complaint discussing dealings or interactions in Texas. In fact, Rainstar does not mention Texas once in its Complaint. The Court now turns to its decision.

## II.

### LEGAL STANDARD

When defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff "bears the burden of establishing jurisdiction but is required to present only prima facie evidence." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). When determining whether the plaintiff establishes a prima facie case, the court "must accept as true the [p]laintiff's uncontroverted allegations, and resolve in [its] favor all conflicts

between the jurisdictional facts contained in the parties' affidavits and other documentation." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219–20 (5th Cir. 2012) (alterations incorporated) (quoting *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir.2004)). In deciding whether the plaintiff has established personal jurisdiction, "the district court may consider the contents of the record before the court at the time of the motion." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343–44 (5th Cir. 2002) (citation omitted).

Personal jurisdiction exists when "the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.* (quoting *Johnston*, 523 F.3d at 609).

To satisfy due process, two elements must be met: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it would reasonably anticipate being brought to court there; and (2) the exercise of jurisdiction over the defendant must "comport[] with fair play and substantial justice." *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992) (citations omitted).

The "minimum contacts" prong of the due process analysis can be met through contacts that give rise to either general or specific jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). "General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. Ruhrgas*, 182 F.3d 291, 295 (5th Cir.

1999). In contrast, specific jurisdiction exists "only when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Gundle*, 85 F.3d at 205.

## III.

## ANALYSIS

A.   *Rainstar Defendants Waived Their Personal Jurisdiction Defense by Filing a Motion to Compel Arbitration.*

Rainstar Defendants waived their right to object to personal jurisdiction. A defendant can assert lack of personal jurisdiction as a defense to suit. FED. R. CIV. P. 12(b)(2). "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). "[A] defendant waives the right to challenge personal jurisdiction under two circumstances: first, the right is waived if a defendant files a motion under Rule 12 that asserts some defenses, but omits an available challenge to personal jurisdiction; second, unless a defendant either challenges personal jurisdiction by motion, or includes it as a defense in a responsive pleading, the challenge is waived." *Dell Marketing, L.P. v. Incompass IT, Inc.*, 771 F. Supp. 2d 648, 652 (W.D. Tex. 2011) (citing FED. R. CIV. P. 12(h)).

A defendant waives the right to challenge personal jurisdiction by making a general appearance before the Court and engaging in an "affirmative act that impliedly recognizes the court's jurisdiction over the parties" to hear the matter. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1340 (5th Cir. 1996). The Fifth Circuit has recognized that a motion to compel arbitration can qualify as such an affirmative act. *See Maiz v. Virani*, 311 F.3d 334, 341 (5th Cir. 2002). The Rainstar Defendants actively litigated a motion to compel arbitration without raising a

personal jurisdiction defense for five months. *See* Doc. 14, Mot. Compel Arb.; Doc. 31, Mot. Dismiss. This was an affirmative act that waived a personal jurisdiction defense.

Courts have held that parties may make limited, special appearances without subjecting themselves to the Court's jurisdiction. However, such an appearance requires that the "defendants expressly limited their appearance to the determination of those very issues." *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1140 (5th Cir. 1980), *abrogated on other grounds by Ins. Corp. of Ireland*, 456 U.S. 694. Motions specifically seeking "a ruling from the trial court [that] confer[s] a benefit on the [movant]—such as a motion to compel arbitration and stay litigation . . . —have been held to be 'affirmative acts recognizing the court's jurisdiction.'" *Gonzales v. Horizontal Wireline Servs., LLC*, No. 5:15-CV-883-DAE, 2017 WL 11068269, at *6 (W.D. Tex. May 30, 2017) (quoting *Maiz*, 311 F.3d at 341). Federal courts have "cited approvingly to a Texas appellate case which determined that the filing of a motion to compel arbitration . . . was an affirmative act." *Maiz*, 311 F.3d at 341 (citing to *Fridl v. Cook*, 908 S.W.2d 507, 515 (Tex. App. El Paso 1995 *writ dismissed w.o.j.*).

The Rainstar Defendants did not make a limited, special appearance when they filed their Motion to Compel Arbitration. Rainstar Defendants cite *Halliburton Energy Services, Inc. v. Ironshore Specialty Insurance Co.* to argue that they "only submitted to the Court's personal jurisdiction for the 'limited purpose of compelling arbitration.'" Doc. 39, Defs.' Reply, 8; 921 F.3d 522, 529 n.2 (5th Cir. 2019). But this case is distinguishable. In *Halliburton*, the defendants filed a single motion to dismiss that included not only a request to compel arbitration, but also a defense for lack of personal jurisdiction. *See id.* at 529. On appeal, the Fifth Circuit determined that the defendants did not waive their right to assert their defenses on personal jurisdiction grounds because they maintained a consistent objection to the court's jurisdiction. *Id.* at 541. The Rainstar

Defendants did not afford themselves the same right. Because they did not similarly maintain an objection to personal jurisdiction. Despite filing an unsuccessful Motion to Compel Arbitration in June 2023, the Rainstar Defendants did not raise a personal jurisdiction defense until November 2023. Doc. 14, Mot. Compel Arb.; Doc. 31, Mot. Dismiss. For this reason, the Rainstar Defendants may not pursue a personal jurisdiction defense because they did not "maintain [their] objection" or "continuously object[]" to personal jurisdiction. *Halliburton*, 921 F.3d at 540, 541.

B.      *The Court Lacks Personal Jurisdiction Over Saenz and Muneio.*

Rainstar has not alleged any facts in its Complaint to suggest that this Court has general or specific jurisdiction over Saenz and Muneio. "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

Rainstar concedes that the Court does not have general jurisdiction, *see* Doc. 72, Response, 4, and Rainstar does not allege facts to support a finding of specific jurisdiction. Courts conduct a three-step inquiry for specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Seiferth*, 472 F.3d at 271. The "minimum contacts" inquiry is fact intensive and no one element is decisive; the touchstone is whether the defendant's conduct shows that it "reasonably anticipates being haled into court." *Luv N' care, Ltd., v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Rainstar does not make any attempt to allege facts to establish specific jurisdiction over Saenz and Muneio in its Complaint. Instead, Rainstar alleges that it is a citizen of Michigan and that Saenz and Muneio are residents of Florida. Doc. 33., Third-Party Compl., ¶¶ 1–3. It alleges that it had one meeting with Saenz and Muneio in Ohio. *Id.* ¶ 24. It alleges that the Engagement Agreement is governed by Michigan law. *Id.* ¶ 12. It does not once mention Texas in its Complaint. Thus, Saenz and Muneio could not reasonably anticipate being haled into a Texas court for statements they made in a meeting in Ohio and for entering a contract governed by Michigan law.

In its Response to the Motion to Dismiss, Rainstar included additional allegations to support a finding of personal jurisdiction, but these fail as well. Rainstar alleges, "To proceed with the transaction, Muneio and Saenz each became clients of 4Tredici [a Texas LLC] and each completed a 'Client Information Summary', in their individual capacities, as part of 4Tredici's onboarding process." Doc. 72, Resp., 5; *see also* Doc. 72-2–3, Exs. A–B. The "Client Information Summary" asked for basic contact information. *See* Doc. 72-2–3, Exs. A–B. Rainstar argues that Muneio and Saenz were "doing business with a Texas company . . . to further Bequest's agreement with Rainstar that was entered into as a result of [their] false representations." Doc. 72, Resp., 5. Rainstar also included in its Response that the loan transaction was to be "completed by Texas residents," DeMarco, Fisher, and Magnolia. *Id.* at 6.

The Court does not find these additional allegations support a finding of minimum contacts with the forum state that "arise from, or are directly related to, the cause of action." *Gundle*, 85 F.3d at 205. This is a fraud claim. Rainstar alleges that Muneio and Saenz made fraudulent statements about Bequest's solvency, and that Rainstar suffered injuries "including the loss of its transaction fee" because of those misrepresentations. Doc. 33, Third-Party Compl., ¶¶ 27, 31. None of the facts alleged surrounding the fraudulent misrepresentation occurred in Texas. And

neither did the injury. Rainstar cites *McFadin v. Gerber* to argue that a nonresident's actions outside of the state that cause "tortious injury within the state . . . amount[] to sufficient minimum contacts." 587 F.3d 753, 761 (5th Cir. 2009), Doc. 72, Reply, 4. But the alleged injury here—financial harm to Rainstar—did not occur in Texas as Rainstar is a Michigan citizen. Doc. 33, Third-Party Compl., ¶ 1.

Meanwhile, the new allegation that Muneio and Saenz did business with a Texas LLC as part of the transaction is not enough to show minimum contacts. Rainstar fails to allege how a contact with an LLC that is not a party in this lawsuit is related to its fraud claim. It does not explain what role the Texas LLC played in the transaction. Instead, Rainstar only shows that Muneio and Saenz provided basic biographical data such as their addresses and license numbers to a Texas LLC. *See* Doc. 72-2–3, Exs. A–B. This information reveals nothing about whether their alleged dealings with the Texas LLC gives rise to specific jurisdiction for Rainstar's fraud claim. As such, Rainstar does not allege enough facts to support a finding of minimum contacts. Finding no minimum contacts, the Court lacks personal jurisdiction over Muneio and Saenz.

## IV.

## CONCLUSION

For the foregoing reasons, the Court, **DENIES** the Rainstars Defendants' Motion to Dismiss (Doc. 31) and **GRANTS** Saenz and Muneio's Motion to Dismiss (Doc. 67). The Court **DENIES AS MOOT** the Agreed Motions for Hearing (Docs. 107, 108). Rainstar's fraud claim against Shawn Muneio and Martin Saenz is **DISMISSED WITHOUT PREJUDICE**. Muneio and Saenz are hereby dismissed from this case.

**SO ORDERED.**

**SIGNED: November 22, 2024.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE