UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEQUEST FUNDS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-0866-B |
| | § | |
| MAGNOLIA FINANCIAL GROUP, LLC; CHRISTOPHER FISHER; RAINSTAR FINANCIAL GROUP, LLC; KURT NEDERVELD; FREDERICK RUFFIN; and BRIAN DEMARCO | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Bequest Funds LLC ("Bequest")'s Motion for Leave to File a Third Amended Complaint (Doc. 145). For the following reasons, the Court **DENIES** Bequest's Motion for Leave.

This is a negligence and fraud case arising out of a financial transaction gone wrong. On February 21, 2024, the Court sent out a scheduling order (Doc. 56). The Scheduling Order set the deadline for Motions to Amend Pleadings as May 30, 2024. Doc. 56, Scheduling Order, 1. The deadline for Dispositive Motions was October 10, 2024, which the Court extended to December 13, 2024, at Bequest's request. *Id.*; Doc. 118. Bequest filed its Motion for Summary Judgment on December 2, 2024. Doc. 114, Pl.'s Mot. Summ. J. Defendants Rainstar Financial Group, LLC, Kurt Nederveld, and Frederick Ruffin (collectively "Defendants") filed their Motion for Summary Judgment on November 15, 2024. Doc. 103, Defs.'s Mot. Summ. J. Trial was scheduled for February

24, 2025, but the Court vacated the trial date because the parties failed to complete mediation on time. Doc. 56, Scheduling Order, 2; Doc. 143, Order. On January 21, 2025, more than one month after filing its Motion for Summary Judgment, Bequest filed a Motion for Leave to File a Third Amended Complaint. Doc. 145, Mot. Bequest seeks to assert a new fraud by nondisclosure claim against Defendants. *Id.*, 3. The Court considers its Motion below.

Once a scheduling order's deadline to amend the pleadings has passed, parties moving to amend their pleadings must satisfy Federal Rule of Civil Procedure 16(b). *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Rule 16(b)(4) requires the moving party to show that "good cause" warrants amending its pleadings. FED. R. CIV. P. 16(b)(4). The Fifth Circuit has interpreted the "good cause" standard to assess four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 536 (internal alterations and quotations omitted). District courts also "more carefully scrutinize a party's attempt to raise new theories . . . by amendment when the opposing party has filed a motion for summary judgment." *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999); *see also Wade v. Cycle Mart, L.P.*, No. A-14-CV-00427-ML, 2015 WL 4404876, at *4 (W.D. Tex. July 17, 2015). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C.*, 315 F.3d at 536.

The Court finds good cause does not exist to grant leave to amend. First, Bequest fails to provide sufficient explanation for why it moved for leave to amend more than a month after it filed its Motion for Summary Judgment. "To provide sufficient explanation for failure to timely move for

leave to amend, the moving party . . . must show that, despite his diligence, he could not have reasonably met the scheduling deadline." *Hammond v. United States*, No. 1:21-CV-00686-DAE, 2023 WL 8113860, at *3 (W.D. Tex. June 6, 2023) (citation omitted). Bequest asserts that it did not realize that it could assert this claim until it concluded a deposition of one of Defendants' witnesses on December 5, 2024. Doc. 145, Mot., 5. While this may true, Bequest has offered no explanation for why it then waited a month and a half to request leave to amend. Under these circumstances, the Court concludes that the first factor weighs against granting leave to amend.

Second, the importance of this new claim weighs in favor of Bequest, but the other three factors outweigh this. "Amendments are considered important when they potentially provide additional grounds for [a party] to recover . . . or directly affect a party's prospects of ultimate recovery." *AFS Logistics, LLC v. Tetria Glob. Logistics*, No. 4:21-CV-01086-O, 2022 WL 3904697, at *2 (N.D. Tex. May 11, 2022) (O'Connor, J.) (citations omitted). Bequest asserts a new claim that would provide another ground for recovery. Doc. 145-1, Third Am. Compl., ¶¶ 114–15. However, the Court does not find this factor alone is enough given that the other three factors, especially Bequest's failure to seek leave earlier, strongly weigh against granting leave to amend. *See E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (affirming a district court's determination that the defendant's failure to account for its delay was dispositive, outweighing the other three factors).

Third, allowing Bequest to assert a new claim after each party moved for summary judgment would prejudice Defendants. The Fifth Circuit has noted that granting leave to amend after the opposing party has moved for summary judgment could result in the unfair denial of summary judgment because of a new legal theory the opposing party could not have anticipated. *See Overseas*

*Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990). Bequest argues that Defendants will not be prejudiced because it "merely requests an opportunity to bring a companion theory of recovery – based on the same transaction and occurrence – to the case." Doc. 145, Mot., 6. But Defendants have effectively litigated this case without notice of this claim. Allowing Bequest to amend would require Defendants to defend themselves against a claim without having the chance to conduct discovery on it or address it in their Motion for Summary Judgment. Bequest's argument is thus unavailing.

Fourth, this prejudice cannot be cured by a continuance, because allowing Bequest to amend its Complaint would unnecessarily delay trial and increase litigation costs. If the Court granted leave to amend, the Court would need to extend the discovery period and deadline for dispositive motions, both of which have already passed. And, as the Court discussed above, Defendants have already expended resources to file a Motion for Summary Judgment. Thus, granting leave to amend would almost certainly result in additional, costly motion practice and delay the current trial date. *See S&W Enterprises*, 315 F.3d at 537; *see also Ruiz*, 291 F.R.D. at 172. The fourth factor also weighs against granting Bequest leave to amend.

Accordingly, the Court **DENIES** Bequest's Motion for Leave to File a Third Amended Complaint (Doc. 145).

**SO ORDERED.**

**SIGNED: Janaury 22, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE